### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMES MOSQUEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-1076-CM |
| | ) | |
| BBR INVESTMENTS, LLC, and | ) | |
| MICHELLE CRAWFORD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Plaintiff brings this negligence action against defendants.  This case comes before the court on each defendant's motion to dismiss for lack of subject matter jurisdiction (Docs. 6 and 8).  Specifically, defendants argue that complete diversity of citizenship is lacking because plaintiff and defendant Crawford were both citizens of Kansas when plaintiff filed his complaint on March 7, 2012.  Because plaintiff has not established complete diversity of citizenship, this court lacks subject matter jurisdiction and dismisses plaintiff's complaint without prejudice.

**I.      Legal Standards**

Because plaintiff's allegations of diversity have been challenged and he is the party invoking this court's subject matter jurisdiction, plaintiff must prove citizenship by a preponderance of the evidence.[1] *See Mid-Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871, 873 (10th Cir. 1940) (explaining that when challenged "the burden rested upon plaintiff to prove by a preponderance of the evidence that he was a citizen of that state").  In resolving this issue—which amounts to a factual attack on subject matter jurisdiction that is not intertwined with the merits of the case—the court has

_____

[1]    The court rejects plaintiff's argument that he must only make a prima facie showing of subject matter jurisdiction absent an evidentiary hearing.  The case law cited by plaintiff discusses personal—not subject matter—jurisdiction.

wide discretion to consider affidavits and other documentary evidence.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  The court also may not presume the truthfulness of the complaint's factual allegations.  *Id.*

## II.      Analysis

Under 28 U.S.C. § 1332, a federal district court has subject matter jurisdiction over civil actions that have an amount in controversy over $75,000 and that are between "citizens of different states."  In this case, defendant Crawford is a Kansas citizen.  Both defendants argue that plaintiff was a Kansas citizen when he filed his complaint on March 7, 2012, and, therefore, this lawsuit is not a civil action between citizens of different states.  *See Lloyd v. Loy*, No. 01-2004-KHV, 2001 U.S. Dist. LEXIS 12021, at *5 (D. Kan. July 23, 2001) (explaining that "[d]iversity of citizenship is determined at the time the complaint is filed").  Plaintiff responds that he moved from Kansas to Texas in late January of 2012.  Based on this move, he argues that he was a Texas citizen when the complaint was filed and diversity jurisdiction exists.

A person is a citizen of the state in which he is domiciled.  *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  A person may change his domicile, and a change in domicile is valid even if done for the purpose of creating diversity jurisdiction.  *Cressler v. Neuenschwander*, 930 F. Supp. 1458, 1460 (D. Kan. 1996).  But the law "favor[s] an established domicile over a newly acquired one." *Lloyd*, 2001 U.S. Dist. LEXIS 12021, at *6 (alteration in original) (internal quotations omitted).

Domicile is established by physical presence in a state accompanied by an intent to remain there.  *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  Analysis of whether a party is physically present in a state begins with the party's residence.  *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).  This is because residence creates a presumption of domicile.  *Lloyd*,

2001 U.S. Dist. LEXIS 12021, at *6; *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514,

520 (10th Cir. 1994) (explaining that a party's residence is his prima facie domicile).

The evidence in this case suggests that plaintiff had two residences in March 2012.

Specifically, plaintiff provided four affidavits—his own affidavit and the affidavits of three family

members—stating that he moved to Texas in late January.  Plaintiff also submitted a January 2012

letter from the U.S. Post Office confirming his change of address from Kansas to Texas.  This

evidence suggests plaintiff was a Texas resident in March 2012.

Defendants, however, submitted the affidavit of plaintiff's Kansas landlord.  This affidavit

states that plaintiff rented property and resided in Kansas through mid-April 2012.  Plaintiff also

admits that he kept personal property at this rented apartment in Kansas through mid-April.  In

addition, plaintiff admits that Kansas records indicate that he is a Kansas resident.  (Doc. 9 at 2; Doc.

10 at 4.)  This evidence suggests that plaintiff was a Kansas resident when he filed the complaint.

When it appears that a party has more than one residence, the court analyzes the "totality of

evidence" to determine the party's intended domicile.  *See Cressler*, 930 F. Supp. at 1460 ("Where it

appears that a party may have more than one residence, the court should use a 'totality of evidence'

approach to ascertain the party's intended domicile.").  Relevant factors that courts frequently consider

in determining a party's intent include: (1) where the party votes; (2) where the party is employed; (3)

where the party maintains automobile registration and his driver's license; (4) where the party

maintains bank accounts; (5) whether the party rents or owns his home (taken in connection with his

station in life); (6) whether the party moved his personal belongings; (7) whether the party retains

professional, religious, or social ties to his prior domicile; (8) the party's social, religious and

professional relationships in the new residence; and (9) where the party receives mail.  *Coffman v.*

*Myers*, No. 06-2297-CM, 2007 U.S. Dist. LEXIS 42835, at \*5–6 (D. Kan. June 12, 2007); *Lloyd*, 2001

U.S. Dist. LEXIS 12021, at \*9; *Cressler*, 930 F. Supp. at 1460.

As noted above, the court must consider these factors as of the date plaintiff filed his

complaint.  After reviewing the evidence, the court determines that plaintiff has not provided sufficient

evidence that he was a Texas citizen on March 7, 2012.  The court acknowledges that plaintiff has

applied to vote in Texas, has applied for a Texas identification card, and has applied for a Texas bank

account.  But all of these applications are dated several weeks <u>after</u> March 7, 2012.  And plaintiff has

not provided any explanation for the two-month delay between when he professes to have become a

Texas citizen (late January) and his objective actions supporting his stated intent.

Only one of the other factors indicate that plaintiff's intended domicile on March 7, 2012, was

Texas.  Specifically, plaintiff did receive his mail in Texas as of late January.  But this single factor is

not sufficient to carry plaintiff's burden in light of the other factors that suggest Kansas was plaintiff's

intended domicile on March 7, 2012.  Specifically, plaintiff admits that he rented property and

maintained personal property in Kansas through mid-April 2012.  Plaintiff also admits that he

maintains a doctor/patient relationship with a Kansas physician.  And he admits that Kansas records

indicate that he resides in Kansas.  Plaintiff has not provided any information regarding his

professional, social, or religious ties to Texas.  Nor is there evidence before the court regarding what

personal property plaintiff had in Texas as of March 7, 2012.

Apart from these factors, the court also considered plaintiff's statement of intent.  Specifically,

plaintiff's affidavit explains that he intended to become a Texas citizen in late January.  And the

affidavits of plaintiff's family members likewise state that plaintiff told them he intended to become a

Texas citizen after moving to Texas in late-January.[2]  Although these statements are relevant, they are

---

[2]   The court notes that the affidavits submitted by plaintiff's family members are not specific about the date upon which
     plaintiff identified himself as a Texas citizen and expressed his intent to remain a Texas citizen.  These affidavits only

-4-

accorded minimal weight relevant to the objective factors outlined above.  *Lloyd*, 2001 U.S. Dist.

LEXIS 12021, at \*9; *see also Bair v. Peck*, 738 F. Supp. 1354, 1355 (D. Kan. 1990) ("[M]ere mental

fixing of citizenship is not sufficient to establish intent.") (alteration in original) (internal quotations

omitted).

     After reviewing all of the evidence, plaintiff has not established by a preponderance of the

evidence that he was domiciled in Texas when he filed his complaint.  Therefore, plaintiff has not

established that this court has subject matter jurisdiction.  The court also determines that transfer is not

available pursuant to 28 U.S.C. § 1631.  *See Trujillo v. Williams*, 465 F.3d 1210, 1222 n.15 (10th Cir.

2006) (explaining that 28 U.S.C. § 1631 applies in cases where subject matter jurisdiction is lacking).

The court grants each defendant's motion and dismisses plaintiff's complaint without prejudice.  This

dismissal is without prejudice as to the merits and without prejudice to plaintiff filing a new action in

this court if he can adequately plead subject matter jurisdiction.

     **IT IS THEREFORE ORDERED** that Defendant BBR Investments, L.L.C.'s Motion to

Dismiss (Doc. 6) and Motion to Dismiss (Doc. 8) are granted.  Plaintiff's complaint is dismissed

without prejudice.

     Dated this 12th day of June, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge

---

    provide that sometime between late January (when plaintiff moved to Texas) and early May (when the affidavits were signed), he had this intent.  The relevant date for subject matter jurisdiction is March 7, 2012.  The court is unwilling to speculate on this issue.